UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY a/s/o MARC RYSMAN, <br><br> Plaintiffs, <br> v. <br><br> BROAN-NUTONE LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT

The plaintiff, Liberty Mutual Insurance Company, as Subrogee of Marc Rysman, through its attorneys hereby alleges as follows:

## PARTIES

1. At all times material hereto, the plaintiff, Liberty Mutual Insurance Company (hereinafter referred to as "Liberty") is a property and casualty insurance company authorized to conduct business in the writing of fire and allied lines of insurance coverage within the Commonwealth of Massachusetts, whose principal place of business is located at 175 Berkeley Street, Boston, Suffolk County, Commonwealth of Massachusetts 02116.

2. At all times material hereto, subrogor, Marc Rysman (hereinafter referred to as "Mr. Rysman"), is the owner of record of the property located at 181 Clark Road, Brookline, Massachusetts ("the Subject Property"), which is the subject of this lawsuit.

3. At all times material hereto, the defendant, Broan-Nutone LLC (hereinafter "Broan") is a foreign corporation engaged in the manufacture and distribution of residential ventilation and heating products throughout Massachusetts, and whose principal place of business is located at 926 W. State Street, Hartford, Wisconsin 53027.

## JURISDICTION

4. Jurisdiction of the subject matter for this action is conferred upon this Court by virtue of M.G.L.c. 212, § 3.

1

## ALLEGATIONS OF FACT

5. At all times material hereto, the Subject Property was occupied by Mr. Rysman as his primary residence.

6. On or about December 17, 2018, a fire occurred in the Subject Property's second floor bathroom, within a ceiling mounted Broan-manufactured vent-light fixture (hereinafter "the product"), which was caused by a malfunction of the fixture due to a manufacturing defect and/or defective design.

7. Upon information and belief, the subject malfunction and ignition of the fire occurred during the reasonable and foreseeable operation of the product, with the product being in substantially the same defective condition as it was when originally designed, manufactured, and shipped from the defendant's manufacturing facility and placed into the stream of commerce.

8. At all times material hereto, Liberty had issued to Mr. Rysman a policy of homeowner's insurance, Policy No. H3S21807802040, with effective dates from January 26, 2018, through January 26, 2019, which carried a $1,000.00 deductible.

9. In accordance with the governing aforementioned insurance policy, Liberty issued actual cash value claim payments to its subrogor, Mr. Rysman, subject to the policy's deductible, for the repair and/or replacement of his damaged property.

10. As a result, Liberty is now legally subrogated to the recovery of the aforementioned claim payments and deductible from Broan, the sum of which is sufficient to invoke the jurisdiction of this Honorable Court.

## FIRST COUNT - NEGLIGENCE

11. The plaintiff repeats the allegations contained in paragraphs 1 through 10 above and incorporates them by reference herein.

12. The defendant, Broan, owed a duty of care to Mr. Rysman to design, manufacture, sell, and market, and distribute the above identified bathroom fixture in a safe, reasonable, and non-hazardous manner.

13. In complete disregard of its duties, however, the defendant, Broan, negligently performed said duty, which, as a result, was the direct and proximate cause of plaintiff's damages as set forth herein.

## SECOND COUNT – BREACH OF IMPLIED WARRANTY

14. The plaintiff repeats the allegations contained in paragraphs 1 through 13 above and incorporates them by reference herein.

15. The defendant, Broan, impliedly warranted that the subject bathroom fixture was of merchantable quality, fit, safe, and in proper condition for the ordinary use for which it was designed, manufactured, distributed, and ultimately used and, in reliance of this implied warrant of merchantability, the product was purchased, installed, and operated normally in the Subject Property.

16. The subject product, however, was not of merchantable quality and, in fact, was not safe, fit, or usable for the purpose for which it was designed and/or manufactured, marketed, sold and distributed.

17. Therefore, as a direct and proximate result of the defendant, Broan's breach of the implied warranty of merchantability as the designer, and/or manufacturer, marketer, seller and distributor of the product, the plaintiff was damaged as set forth herein.

### THIRD COUNT – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

18. The plaintiff repeats the allegations contained in paragraphs 1 through 17 above and incorporates them by reference herein.

19. The subject ceiling fixture was marketed, distributed, sold, and placed in the stream of commerce by the defendant, Broan with a reasonable expectation that it would be used by homeowners such as Mr. Rysman for its intended purpose. However, said bathroom fixture was marketed, sold, distributed, and placed in the stream of commerce in a defective condition such that the product failed causing significant damage to the Subject Property and contents.

20. In careless disregard of its duties, the defendant, Broan did market, distribute, and/or place in the stream of commerce, a defectively designed and manufactured product, causing the plaintiff's damages as set forth herein.

### FOURTH COUNT – VIOLATION OF CHAPTER 93A

21. The plaintiff incorporates by reference the allegations contained in paragraphs 1 through 20 above.

22. The defendant's breaches of the applicable warranties in this matter are violations of the regulations of the Massachusetts Consumer Protection Statute.

23. The defendant, Broan, marketed, sold, and distributed a defective bathroom fixture which was unfit, unsafe, and posed a fire hazard.

24. Said actions on the part of the defendant, Broan, are violations of Mas. Gen. Laws c. 93A. As such, said actions proximately caused the plaintiff's damages as set forth herein.

    WHEREFORE, the plaintiff, Liberty Mutual Insurance Company, as subrogee of Marc Rysman, requests the following relief:

1. Enter judgment against the defendant, Broan-NuTone LLC;

2. Award damages to the plaintiff for an amount necessary to invoke the jurisdiction of this Honorable Court;

3. Award the plaintiff interest, costs and expenses; and

4. Award such other relief, as this Honorable Court deems just and appropriate.

    Respectfully submitted,
Plaintiff, Liberty Mutual Insurance Company
a/s/o Marc Rysman,
By their attorney,

Dated: December 8, 2021    _/s/Darlene Thebaud_____
Darlene Thebaud, Esq.
Law Offices of Cain, Geller & Vachereau
P.O. Box 6835
Scranton, PA 18505-6835
(617) 867 - 4790
darlene.thebaud@libertymutual.com
BBO # 661929

## **CERTIFICATE OF SERVICE**

    I, Darlene Thebaud, Attorney for the Defendant, hereby certify that I have served a copy of the foregoing document, by mailing a copy of the same, directed to:

Broan NuTone, LLC
926 W. State Street
Hartford, Wisconsin 53027

Dated: December 8, 2021                      _/s/Darlene Thebaud_____
                                                                    Darlene Thebaud