# Exhibit 1

COMMONWEALTH OF MASSACHUSETTS

BOSTON, SS.                                    UNITED STATES DISTRICT COURT
                                               Civil Action No. 1:21-CV-11986

| | |
|---|---|
| LM GENERAL INSURANCE COMPANY<br>a/s/o MARC RYSMAN<br><br>      Plaintiff,<br><br>v.<br><br>BROAN-NUTONE,<br><br>      Plaintiff. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF, LM GENERAL INSURANCE COMPANY'S ANSWERS TO DEFENDANT, BROAN-NUTONE LLC'S FIRST SET OF INTERROGATORIES

Interrogator v No. 1
Set forth the name, business address(es), residential address(es), and name of employer(s) and job title(s) of the person answering these interrogatories.

**ANSWER:**
**OBJECTION: Plaintiff objects to this interrogatory on the grounds it is unclear, vague, ambiguous, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objection, plaintiff answers:**
**Andrew Billings, Recovery Specialist, LM General Insurance Company, 5050 West Tilghman Street, Suite 200, Allentown, PA 18104.**

Interrogatory No. 2
Identify the owner(s) of the property on the date of the fire, and state the time period of such ownership.

**ANSWER:   Marc S. Rysman was the owner of the property on the date of the fire. He moved to this property in January 2007.**

Interrogatory No. 3
Identify each person the plaintiff expects to call as an expert witness at trial, and for each, state:
      A.    All opinions the witness will express and the basis and reasons for them;
      B.    The facts or data considered by the witness in forming opinions;
      C.    The identity of any exhibits that will be used to summarize or support the opinions;
      D.    The witness's qualifications, including a list of all publications authored in the previous 10 years;

      E.      All other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition;
      F.      The compensation to be paid for the study and testimony in the case;
      G.     All facts or data that the party's attorney provided to the expert;
      H.     All materials that the expert considered in forming the opinions to be expressed; and
      I.      All assumptions that the party's attorney provided upon which the expert relied on in forming the opinions to be expressed.

**ANSWER:**
**OBJECTION: Plaintiff objects to providing information on experts beyond that information explicitly made discoverable by the civil rules of procedure. Plaintiff further objects to providing such information as it is prepared in anticipation of litigation and is protected by the attorney work product rule. Subject to and without waiving the foregoing objection, Plaintiff answers:**

**Jeremiah Pratt, of Genesis Forensics, Inc., conducted his investigation and concluded the fire originated at the Broan fan at the internal junction box braided conductor on the fan side which is part of the fan. The conductor is welded to the side of the junction box, this is the ignition source. Please also refer to all Exhibits attached in response to request for production of documents.**

Interrogatory No. 4
Describe fully:
      A.     How the plaintiff claims the fire began;
      B.     Every fact, act and document that supports the plaintiff's theory of the cause of the fire; and
      C.     Any alternative cause of the fire investigated or considered by the plaintiff.

**ANSWER:**
**OBJECTION: Plaintiff objects to this interrogatory to the extent that it is unduly burdensome and improperly assumes that Plaintiff is obligated to put forth affirmative evidence on causation and damages. Plaintiff further objects to this interrogatory as it calls for a legal conclusion to which Plaintiff is unable to respond at this time. Plaintiff lastly objects to this interrogatory to the extent that it seeks discovery of information prepared in anticipation of litigation and protected by the work product rule and/or the attorney client privilege. Subject to and without waiving the foregoing objection, Plaintiff answers:**

    **Mr. Rysman was not at home when the fire began but he had left the fan on while he was out that day. The fire originated at the Broan fan at the internal junction box braided conductor on the fan side which is part of the fan. The conductor is welded to the side of the junction box, this is the ignition source.**

Interrogatory No. 5
With regard to the fan, state:
      A.     The name and address of the seller or retailer from whom the fan was purchased;
      B.     When it was purchased and by whom;
      C.     A description of all documents or other written materials that were supplied with the fan when it was purchased;
      D.     The name and address of each individual who installed the fan; and
      E.     The name and address of the company or business for which the installers worked.

**ANSWER:**

     A.–E.   Plaintiff does not have any information relevant to this interrogatory. Should Plaintiff acquire this information at a later date, Plaintiff will supplement its answer to this interrogatory.

Interrogatory No. 6
State whether the fan had been changed, repaired, or otherwise altered at any time from the date of purchase until the time of the fire, and,
     A.    if your answer is "yes," give a complete description of all changes, repairs or alterations and identify who made such changes, repairs, or alterations; or
     B.    if your answer is "no," describe fully all facts upon which you base that answer.

**ANSWER:**
     A.  **OBJECTION:**  Plaintiff objects to this interrogatory to the extent that it is overly broad in scope and time and unduly burdensome, seeking materials which are neither relevant to this action nor reasonably calculated to lead to the discovery of evidence admissible at trial.  Subject to and without waiving the foregoing objection, plaintiff responds:
     No work has been performed in that bathroom, nor was the ceiling fan new. Mr. Rysman believes major renovations were done to the home in 2000 and that is likely when the exhaust fan was installed but he does not know as he did not live there at the time.
     B.  **OBJECTION:**  Plaintiff objects to this interrogatory to the extent that it calls for a legal conclusion to which Plaintiff is unable to respond at this time. Plaintiff lastly objects to this interrogatory to the extent that it seeks discovery of information prepared in anticipation of litigation and protected by the work product rule and/or the attorney client privilege.  Subject to and without waiving the foregoing objection, plaintiff answers:
     Mr Rysman believes major renovations were done to the home in 2000 and that is likely when the exhaust fan was installed but he does not know as he did not live there at the time.

Interrogatory No. 7
Describe fully all facts, acts, documents and reasons upon which the plaintiff relied in making the allegations in the Complaint that:
     A.    The fire started in or near the fan; and
     B.    The fan was the direct and proximate cause of the fire.

**ANSWER:**
**OBJECTION:**  Plaintiff objects to this interrogatory to the extent that it is unduly burdensome and improperly assumes that Plaintiff is obligated to put forth affirmative evidence on causation and damages.  Plaintiff further objects to this interrogatory as it calls for a legal conclusion to which plaintiff is unable to respond at this time. Plaintiff lastly objects to this interrogatory to the extent that it seeks discovery of information prepared in anticipation of litigation and protected by the work product rule and/or the attorney client privilege. Subject to and without waiving the foregoing objection, plaintiff answers:

**Jeremiah Pratt, of Genesis Forensics, Inc., conducted his investigation and concluded the fire originated at the Broan fan at the internal junction box braided conductor on the fan side which is part of the fan. The conductor is welded to the side of the junction box, this is the ignition source. Please also refer to all Exhibits attached in response to request for production of documents.**

Interrogatory No. 8
Identify by name and address each and every person who inspected or was present at the property within 14 days before and after the fire.

**ANSWER:**
**OBJECTION:  Plaintiff objects to this interrogatory to the extent that it seeks discovery of information prepared in anticipation of litigation and protected by the work product rule and/or the attorney-client privilege. Further, this request is vague, ambiguous, and overly broad as it fails to specify with reasonable particularity information and/or materials sought.  Subject to and without waiving the foregoing objection, plaintiff answers:**
**Michael Peters and Jeremiah Pratt inspected the property after the fire.**

Interrogatory No. 9
With regard to the allegations in the Complaint, state the basis for the allegations that Broan's negligence caused the fire.

**ANSWER:**
**OBJECTION:   Plaintiff objects to this interrogatory to the extent that it is unduly burdensome and improperly assumes that plaintiff is obligated to put forth affirmative evidence on causation and damages.  Plaintiff further objects to this interrogatory as it calls for a legal conclusion to which Plaintiff is unable to respond at this time. Plaintiff lastly objects to this interrogatory to the extent that it seeks discovery of information prepared in anticipation of litigation and protected by the work product rule and/or the attorney client privilege. Subject to and without waiving the foregoing objection, plaintiff answers:**
**Jeremiah Pratt, of Genesis Forensics, Inc., conducted his investigation and concluded the fire originated at the Broan fan at the internal junction box braided conductor on the fan side which is part of the fan. The conductor is welded to the side of the junction box, this is the ignition source and is a manufacturing defect, making the fan defective for the use and purpose it was purchased and installed for.**

Interrogatory No. 10
With regard to the allegations in the Complaint, state the basis for the allegations that the fan was defective.

**ANSWER:**
**OBJECTION:   Plaintiff objects to this interrogatory to the extent that it is unduly burdensome and improperly assumes that plaintiff is obligated to put forth affirmative evidence on causation and damages.  Plaintiff further objects to this interrogatory as it calls for a legal conclusion to which Plaintiff is unable to respond at this time. Plaintiff lastly objects to this interrogatory to the extent that it seeks discovery of information prepared in anticipation of litigation and protected by the work product rule and/or the attorney client privilege. Subject to and without waiving the foregoing objection, plaintiff answers:**

**Jeremiah Pratt, of Genesis Forensics, Inc., conducted his investigation and concluded the fire originated at the Broan fan at the internal junction box braided conductor on the fan side which is part of the fan. The conductor is welded to the side of the junction box, this is the ignition source and is a manufacturing defect, making the fan defective for the use and purpose it was purchased and installed for.**

Interrogatory No. 11
With regard to the allegations in the Complaint, state the basis for the allegations that Broan breached any implied warranty of merchantability.

**ANSWER:**
**OBJECTION:** Plaintiff objects to this interrogatory to the extent that it is unduly burdensome and improperly assumes that plaintiff is obligated to put forth affirmative evidence on causation and damages. Plaintiff further objects to this interrogatory as it calls for a legal conclusion to which plaintiff is unable to respond at this time. Plaintiff lastly objects to this interrogatory to the extent that it seeks discovery of information prepared in anticipation of litigation and protected by the work product rule and/or the attorney client privilege. Subject to and without waiving the foregoing objection, plaintiff answers:
**Jeremiah Pratt, of Genesis Forensics, Inc., conducted his investigation and concluded the fire originated at the Broan fan at the internal junction box braided conductor on the fan side which is part of the fan. The conductor is welded to the side of the junction box, this is the ignition source and is a manufacturing defect, making the fan defective for the use and purpose it was purchased and installed for.**

Interrogatory No. 12
With regard to the allegations in the Complaint, state the basis for the allegations that Broan breached any implied warranty of fitness for a particular purpose.

**ANSWER:**
**OBJECTION:** Plaintiff objects to this interrogatory to the extent that it is unduly burdensome and improperly assumes that plaintiff is obligated to put forth affirmative evidence on causation and damages. Plaintiff further objects to this interrogatory as it calls for a legal conclusion to which plaintiff is unable to respond at this time. Plaintiff lastly objects to this interrogatory to the extent that it seeks discovery of information prepared in anticipation of litigation and protected by the work product rule and/or the attorney client privilege. Subject to and without waiving the foregoing objection, plaintiff answers:
**Jeremiah Pratt, of Genesis Forensics, Inc., conducted his investigation and concluded the fire originated at the Broan fan at the internal junction box braided conductor on the fan side which is part of the fan. The conductor is welded to the side of the junction box, this is the ignition source and is a manufacturing defect, making the fan defective for the use and purpose it was purchased and installed for.**

Interrogatory No. 13
With regard to the allegations in the Complaint, state the basis for the allegations that Broan breached the Massachusetts Consumer Protection Act.

**ANSWER:**
**OBJECTION:** Plaintiff objects to this interrogatory to the extent that it is unduly

burdensome and improperly assumes that plaintiff is obligated to put forth affirmative evidence on causation and damages. Plaintiff further objects to this interrogatory as it calls for a legal conclusion to which plaintiff is unable to respond at this time. Plaintiff lastly objects to this interrogatory to the extent that it seeks discovery of information prepared in anticipation of litigation and protected by the work product rule and/or the attorney client privilege. Subject to and without waiving the foregoing objection, plaintiff answers:
Jeremiah Pratt, of Genesis Forensics, Inc., conducted his investigation and concluded the fire originated at the Broan fan at the internal junction box braided conductor on the fan side which is part of the fan. The conductor is welded to the side of the junction box, this is the ignition source and is a manufacturing defect, making the fan defective for the use and purpose it was purchased and installed for.

Interrogatory No. 14
Itemize in full and complete detail all damages allegedly sustained by the plaintiff as a result of the fire.

**ANSWER:**
**The insured states that while the fire was contained in the bathroom, there was smoke and water damage throughout the home and broken windows, making the home unlivable until repaired. Plaintiff paid to or on behalf of its insured the total amount of $938,013.98 (Dwelling - $566,318.56; Contents - $164,624.49; Living Expenses - $207,070.93), plus its insured incurred a $1,000.00 deductible.**

Interrogatory No. 15
Identify all witnesses that plaintiff may call at trial, including a brief description of their expected testimony.

**ANSWER:**
**OBJECTION: Plaintiff objects to this interrogatory to the extent that it seeks discovery of information prepared in anticipation of litigation and protected by the work product rule. Subject to and without waiving the foregoing objection, plaintiff answers:**

**I am informed by my attorney that a final determination has not been made as to any person to be introduced as a witness at trial, but I reserve the right to supplement this answer.**

Interrogatory No. 16
Identify all documents, diagrams, sketches, chalks, videotapes, photographs or other evidence that the plaintiff may introduce at the trial of this case.

**ANSWER:**
**OBJECTION:  Plaintiff objects to providing such information as said information is protected from discovery based on the attorney work product rule to the extent that it seeks discovery of information prepared in anticipation of litigation.  Subject to and without waiving the foregoing objection, Plaintiff answers:**

**I am informed by my attorney that a final determination has not been made as to Exhibits to be introduced at trial, but I reserve the right to supplement this answer. Please refer to the documents attached in response to the request for production of documents.**

Interrogatory No. 17
Identify the persons who performed repairs and installations at the property for the 10 years preceding the fire, including the scope of the work performed.

**ANSWER:**
**OBJECTION:  Plaintiff objects to this interrogatory to the extent that it is overly broad in scope and time and unduly burdensome, seeking materials which are neither relevant to this action nor reasonably calculated to lead to the discovery of evidence admissible at trial. Subject to and without waiving the foregoing objection, plaintiff responds:**
**Plaintiff does not have information relevant to this interrogatory.**

Interrogatory No. 18
Identify each and every report possessed by the plaintiff relating to the investigation of the fire and the potential cause and origin of the fire.

**ANSWER:**
**OBJECTION:  Plaintiff objects to this interrogatory to the extent that it is unduly burdensome and improperly assumes that plaintiff is obligated to put forth affirmative evidence on causation and damages.  Plaintiff further objects to this interrogatory as it calls for a legal conclusion to which plaintiff is unable to respond at this time. Plaintiff lastly objects to this interrogatory to the extent that it seeks discovery of information prepared in anticipation of litigation and protected by the work product rule and/or the attorney client privilege. Subject to and without waiving the foregoing objection, plaintiff answers:**
**Plaintiff's expert, Jeremiah Pratt, will report on his findings and conclusions.**

Interrogatory No. 19
Identify each and every person who inspected or took photographs at the fire scene or of the fan, setting forth the dates of those inspections or the date on which the photographs were taken.

**ANSWER:**
**OBJECTION:  Plaintiff objects to this request to the extent that it seeks discovery of information prepared in anticipation of litigation and protected by the work product rule and/or the attorney-client privilege. Further, this request is vague, ambiguous, and overly broad as it fails to specify with reasonable particularity information and/or materials sought.  Subject to and without waiving the foregoing objection, plaintiff responds:**
**Michael Peters and Jeremiah Pratt inspected the property after the fire.**

Interrogatory No. 20
Identify each and every witness to the fire.

**ANSWER:**
**OBJECTION: Plaintiff objects to this interrogatory to the extent that it seeks discovery of information prepared in anticipation of litigation and protected by the work-product rules. Subject to and without waiving the foregoing objection, plaintiff answers:**
**Other than Marc Rysman, his daughter and Fire Department, Plaintiff is not currently aware of any witnesses. Discovery is ongoing and Plaintiff reserves the right to supplement this response in accordance with Massachusetts Rules of Civil Procedure.**

Signed under the pains and penalties of perjury on this **7th** day of <u>Deember,</u> 2023.

*Andrew Billings*
Andrew Billings, Recovery Specialist,
LM General Insurance Company

As to objections:

*Paul Valentino*
Paul Valentino, Esquire
Law Offices of Cain &Geller
Mailing address:    P. O. Box 6835
Scranton, PA 18505-6835
Tel #: (617) 867- 4776
BBO # 567962
paul.valentino@libertymutual.com

**CERTIFICATE OF SERVICE**

    I, Paul Valentino, Attorney for the Plaintiff, hereby certify that I have served a copy of the foregoing document, by e-mailing a copy of the same directed to:

**PLAINTIFF, LM GENERAL INSURANCE COMPANY'S ANSWERS TO PLAINTIFF, BROAN-NUTONE LLC'S FIRST SET OF INTERROGATORIES**

Andrew D. Black (BBO No. 669839)
Smith Duggan Buell & Rufo LLP
5 5 Old Bedford Road
Lincoln, MAO 1773
andrew.black@smithduggan.com

Dated: 12/7/2023

                                                        Paul Valentino, Esquire
                                                        BBO No. 567962